IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

SAMUEL A. FIELDS,

        Plaintiff,

                                                        Case No. 3:25-cv-260

v.

                                                        Judge Michael J. Newman

PREBLE COUNTY JAIL, et al.,        Chief Magistrate Judge Stephanie K. Bowman

        Defendants.

### REPORT AND RECOMMENDATION

Plaintiff, an inmate who was incarcerated at the Preble County Jail, in Eaton, Ohio,[1] filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). For the following reasons, the undersigned Magistrate Judge **RECOMMENDS** that this action **be DISMISSED without prejudice** for failure to prosecute.

Plaintiff failed to file a civil cover sheet, as required by S.D. Ohio Civ. Rule 3.1(a). He also failed to submit the $405 filing fee <u>or</u> to file a motion for leave to proceed *in forma pauperis*. For that reason, the Clerk of Court on July 30, 2025, issued a Notice of Deficiency and mailed to Plaintiff at the return address he provided on the envelope in

---

[1] It is unlikely that Plaintiff remains incarcerated at the Preble County Jail, since it appears from publicly available records that the criminal case against an individual named Samuel A. Fields in Preble County, Ohio, under case number 25CR014511, has been dismissed with prejudice. https://pa.preblecountyohio.net/eservices/searchresults.page?x=GToJUyVDYyluRL-N4epVZVmK61p-9wNqSabi85SST1*AEfCaUxQP7KLPR6S4J2D0Kxt4bUNjGV9srw-6kDhyiw This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

which he sent his Complaint a copy of the Notice, a civil cover sheet, and a motion for leave to proceed *in forma pauperis*. (Doc. 2). The Notice advised Plaintiff that he was required to submit the requested information and/or materials within 30 days.

After 60 days had passed without Plaintiff having submitted any of the required documents, the Undersigned gave Plaintiff 30 days to show cause why this action should not be dismissed for failure to comply with the Court's July 30, 2025, Notice of Deficiency. (Doc. 3). To date, more than 60 days have passed, and Plaintiff has not submitted the requested materials or responded to the Order to Show Cause.

"Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) (citing *Link v. Wabash R..Co.*, 370 U.S. 626, 630-31 (1962); *Carter v. Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)). This authority is considered an "inherent power" necessary for "courts to manage their affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Failure of a party to respond to an order of the Court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b). Accordingly, this case should be dismissed for Plaintiff's failure to comply with the Court's July 30, 2025, Notice of Deficiency **and** the Court's October 2, 2025, Order to Show Cause.

The Undersigned therefore **RECOMMENDS** that this case be **DISMISSED without prejudice** for want of prosecution.

2

## PROCEDURE ON OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN FOURTEEN (14) DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on a timely motion for extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

<u>12/22/2025</u>  

*s/Stephanie K. Bowman*
**Stephanie K. Bowman**
**Chief United States Magistrate Judge**